CARROLL, Judge.
This appeal is by the defendant below from an order denying its motion to set aside a judgment entered on default. We find no error, and affirm.
The plaintiff, as receiver of an insurance company, filed an action against the appellant, an insurance agent, to recover certain premiums which it was alleged defendant had collected for the involved insurance company, Within the time allowed for filing defensive pleadings, the defendant filed with the clerk of the court a letter, giving the file number of the action, stating it was made in response to the summons, and containing the following: “We have spoken to Mr. DeLoach of the law firm of Davis & DeLoach [attorneys for the plaintiff] and he advised us that the Tallahassee office is in the process of finalizing their records and as soon as this is accomplished, they will be in touch with us as to the results.”
Thereafter the plaintiff filed an amended complaint, without having obtained leave of court, which was requisite under Rule 1.190(a) FRCP, 30 F.S.A. in view of the pleading of the defendant which was on file. Later, on August 12, 1971, the plaintiff filed a motion for leave to file the (previously filed) amended complaint. The motion bears a certificate showing the mailing of a copy thereof to the defendant. On September 22, 1971, an order was entered allowing the filing of the amended complaint, and providing for the filing by defendant of a response within ten days. Later, on September 28, 1971, prior to the expiration of the time allowed to defendant to respond to the amended complaint, the plaintiff filed a motion to strike the answer filed by the defendant to the original complaint, on the ground that the answer had been filed by a corporation in person. On October 5, 1971, an order was entered striking the answer, and on said date the plaintiff filed a motion for entry of default for failure of the defendant to answer the amended complaint, and a default was entered by the court. On the following day, the final default judgment was entered against the defendant, for the sums claimed in the amended complaint.
Thereafter on October 18, 1971, the defendant filed a motion to dismiss the amended complaint, and on November 18, 1971, filed a motion to set aside the default judgment. In the latter motion it was alleged that the defendant had been negotiating with the attorney for the plaintiff regarding settlement of the matter and had not had notice or knowledge of the hearings upon which its answer was stricken and the default judgment entered. Upon hearing those motions on November 29, 1971, the court entered an order denying the same and the plaintiff filed this appeal from that order.
In the motion of the defendant in the trial court to set aside the default judgment, no showing was made as to the existence of a meritorious defense, and reversal of the order denying the motion to vacate the default judgment is sought here on procedural grounds. The appellant contends, as it recited in its motion to set aside the default judgment, that it was without notice of the hearings to authorize the filing of the amended complaint, to strike its answer, and for entry of the default judgment, citing Rule 1.500(b) FRCP, 31 F.S.A. Aside from the recitation of such matters in the motion to vacate the default judgment, the record does not support those contentions of the appellant. *226 In argument before this court the appellant reasserted such lack of notice. Counsel for the appellee-plaintiff insisted that notices of such hearings were given. Those arguments pro and con on that point cannot furnish the basis for decision here, because they refer to matters outside the record, and which are neither confirmed nor refuted by the record. Moreover, the appellant’s directions to the clerk, as shown in the record, were to “include all pleadings, motions, orders and the answer letter dated November 7, 1970, filed herein, but to exclude all notices of hearings and summonses.” [Italics supplied.] We must accord to the judgment of the trial court the presumption of correctness to which it is entitled in law. In the absence of a showing in the record to the contrary it is to be assumed the judgment was entered consequent to the prior orders on noticed hearings.
Affirmed.